| |
|---|
| **Matter of Livermen v Pascal** |
| 2024 NY Slip Op 33094(U) |
| September 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 451213/2023 |
| Judge: Shahabuddeen Abid Ally |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. SHAHABUDDEEN ABID ALLY**
                *Justice*

PART 16TR

---

In the Matter of the Application of KYPRIS LIVERMEN,

                                Petitioner,

For a Judgment Under Article 78 of the Civil Practice Law
and Rules

                        -against-

WOODY PASCAL, DEPUTY COMMISSIONER OF NEW
YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL,

                                Respondent.

| | |
|---|---|
| INDEX NO. | 451213/2023 |
| MOTION DATE | 10/17/2023 |
| MOTION SEQ. NO. | 003 |

## DECISION & ORDER

---

The following e-filed documents, listed by NYSCEF document number, were read
on this motion (Seq. No. 3) to/for **CPLR ARTICLE 78 (BODY OR OFFICER)**:
1-14, 20-21, 38-43, 45, 47, 49-50

In this Article 78 proceeding, petitioner seeks judicial review of respondent's October 11, 2022 denial of petitioner's petition for administrative review ("PAR") of the determination of the Rent Administrator of the New York State Division of Housing and Community Renewal ("DCHR") issued on May 25, 2022. In lieu of filing an answer to the petition, respondent cross-moved on October 6, 2023, seeking remittal to DCHR for further consideration and review based on respondent's concession that it misapplied the law. By Interim Decision and Order dated July 25, 2024, the Court denied the cross-motion, finding that misapplication of law did not constitute grounds for remittal. The Court directed respondent to file an answer to the petition, which respondent did on August 14, 2024. The Court now addresses petitioner's petition, and for the reasons discussed below, grants it in part.

Petitioner is a tenant at 388 Bridge Street, Apt. 7C, Brooklyn, New York 11201 (the "Premises"), a rent-stabilized building. On March 16, 2021, petitioner filed a lease-violation complaint with DCHR alleging that the owner of the Premises offered a renewal lease, dated January 11, 2021, that did not include petitioner's wife's name and failed to deduct the utility allowance of

[* 1]

$72.00 from the legal regulated rent ("LRR") of $622.00 per month. The owner of the Premises submitted an answer to the complaint wherein a revised renewal lease was offered adding petitioner's wife's name but still failing to deduct the utility allowance from the LRR. The DCHR Rent Administrator subsequently granted petitioner's complaint. The October 11, 2022 PAR order summarizes the Rent Administrator's order as follows:

> [T]he RA issued an order granting the tenants' complaint and directing the owner within 30 days to offer to the tenant a renewal lease for one or two years at the tenant's option, based on the record which shows that a prior order under Docket Number FW210043R [sic] established the LRR of $634.44 per month and that said LRR must further be reduced by the electric utility allowance of $84.00 in effect for 2021 and 2022. The RA also directed the owner not to increase the rent until the first rent payment occurring no less than 90 days after the date that a proper lease offer is made to the tenants. Additionally, the RA directed the owner to amend the yearly apartment registrations of 2019, 2020, 2021 and 2022 to reflect both names of the tenants. Lastly, the RA directed the owner to issue a lease renewal on the same terms and conditions as were contained in the Vacancy Lease (including all Riders).

(NYSCEF Doc. 3 at 1-2).

Petitioner thereafter filed a PAR seeking an array of amendments to the Rent Administrator's order. Respondent denied the PAR, and petitioner subsequently commenced the instant Article 78 proceeding.

In this proceeding, petitioner asks that respondent's PAR denial be vacated and that he be directed to grant the PAR. Specifically, petitioner argues that:

- Respondent erred legally when he determined that "the facts [of this matter] did not support retroactivity to a prior guideline," thereby effectively determining that the landlord could offer petitioner a renewal lease with rent set at a level not permitted under the Rent Guidelines Board Rent Increase Order in place at the time petitioner should have been offered a lease.

- That the landlord should be required to refund to petitioner any rent overpayments made from January 1, 2020, to present, plus 9% interest. Respondent had denied that request on the grounds that "[t]he directive to refund excess rent paid is also not required in a lease violation order" and that, "[i]f, as the tenants suggest, they have been overcharged since January 2020, they may file a new rent

overcharge complaint." (NYSCEF Doc. 3 at 3) In arguing that respondent's denial of this portion of the PAR was improper, petitioner relies on 9 N.Y.C.C.R. § 2507.2, which provides that "[t]he division may institute a proceeding on its own initiative whenever the division deems it necessary or appropriate pursuant to the act or this Chapter." Petitioner also alleges that DHCR had converted or merged the underlying lease-violation proceeding into or with an overcharge complaint. Petitioner submits as proof of this conversion/merger a Request of Additional Information/Evidence from DCHR dated September 24, 2021. (NYSCEF Doc. 12)

- That the landlord should be required to "put the reason for their not receiving the [LRR] on the rent stabilized annual apartment registrations [f]rom 2017-2022." Petitioner argues that the reason for this request "is because we are under the Deep Rent Skewed program[;] therefore[,] the landlord is only entitled to the collectible rent. This is a material fact." Respondent denied this portion of the PAR on the basis that "[t]he proposed directive to add the term Deep Rent Skewed Unit to the registrations is outside the scope of this lease violation proceeding." (NYSCEF Doc. 3 at 3)

- Respondent erred when he permitted to let stand that portion of the Rent Administrator's order allowing the landlord to increase the rent after "the first rent payment occurring no less than 90 days after the date that a proper lease offer is made to the tenants." Respondent denied that portion of the PAR because "[t]he directive that the owner may not increase the rent until the first rental payment occurring 90 days after the date of a proper lease offer is in accordance with language directly from the Rent Stabilization Code and need not be removed." (NYSCEF Doc. 3 at 2) Petitioner argues that, "[d]ue to the nature of the Deep Rent Skewed program, the collectible rents fluctuate and in this instance the rent is decreasing" and that "[a]llowing the landlord to raise the rent 90 days after it as lawfully decrease is harmful to us."

It is well settled that, in an Article 78 proceeding, a court reviews an agency decision to determine whether it violates lawful procedures, is arbitrary or capricious, or is affected by an error of law. CPLR § 7803(3); *Kent v. Lefkowitz*, 27 N.Y.3d 499, 505 (2016); *W. 58th St. Coalition, Inc. v. City of N.Y.*, 188 A.D.3d 1, 8 (1st Dep't 2020). Here, respondent concedes that its determination

that "the facts [of this matter] did not support retroactivity to a prior guideline" was contrary to 9 N.Y.C.R.R. § 2523.5(c)(1), which provides, in relevant part, that when a landlord "fails to timely offer a renewal lease . . . the guidelines rate applicable shall be no greater than the rate in effect on the commencement date of the lease for which a timely offer should have been made." Therefore, the Court finds that, to this extent, and to this extent only, respondent's PAR order was "affected by an error of law."

Petitioner, however, fails to demonstrate that any other portion of the PAR order was improper. Petitioner's purported evidence that the underlying lease-violation proceeding was converted into or merged with an overcharge proceeding does not clearly establish that fact. Nor does petitioner's reliance on 9 N.Y.C.C.R. § 2507.2 support its argument, because that regulation is, by its plain language, permissive. Finally, petitioner offers no viable legal basis for its arguments against allowing the landlord to increase the rent 90 days after a proper lease offer or in favor of requiring the landlord to amend the registrations to add the term "Deep Rent Skewed Unit." Nor does petitioner demonstrate that those portions of the PAR order addressed to those issues are arbitrary or capricious.

Accordingly, it is hereby:

**ORDERED and ADJUDGED** that the petition is **GRANTED IN PART** to the extent that respondent's October 11, 2022 PAR order (Administrative Review Docket No. KR210019RT) is **VACATED** only to the extent that it failed to properly apply 9 N.Y.C.R.R. § 2523.5(c)(1) and require the landlord to offer petitioner a lease with rent increases no higher than permitted under Rent Guidelines Board Order Rent Increase Order #52 in effect on May 1, 2021, when petitioner should have been offered a lease; and it is further

**ORDERED** that the matter is remitted to DHCR for further determination consistent with this Decision and Order; and it is further

**ORDERED and ADJUDGED** that the petition is **DENIED in all other respects**, without prejudice to petitioner filing an administrative rent overcharge complaint to DHCR; and it is further

ORDERED that, within 20 days from entry of this order, respondent shall serve a copy of this order with notice of entry on petitioner and upon the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019).[1]

ORDERED that any requested relief not expressly granted herein is denied; and it is further

ORDERED that the Clerk shall mark Motion Sequence 1 decided in all court records; and it is further

ORDERED that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision, order, and judgment of the Court.

| September 4, 2024 | | SHAHABUDDEEN ABID ALLY, A.J.S.C. | |
| DATE | | | |
| CHECK ONE: | [X] CASE DISPOSED | [ ] NON-FINAL DISPOSITION | |
| CROSS-MOTION (SEQ 3): | [ ] GRANTED    [ ] DENIED | [X] GRANTED IN PART | [ ] OTHER |
| CHECK IF APPROPRIATE: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER | [ ] STAY CASE |
| | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

---

[1] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

451213/2023 Kypris Livermen v. Woody Pascal
Mot. Seq. No. 3